SHAW CONSTRUCTION, INC.,
Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and W. J. Usery, Jr., Secretary of Labor, Respondents.

No. 75–3495

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 12, 1976.

Rehearing Denied Oct. 1, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

David Ford Hunt, Dallas, Tex., for petitioner.

William J. Kilberg, Sol., U.S. Dept. of Labor, Michael H. Levin, Robert K. Salyers, Jr., Judith Burghardt, Attys., Washington, D.C., for respondents.

1. 29 C.F.R. § 1926.651(i)(1) (1975) provides:
   In excavations which employees may be required to enter, excavated or other material shall be effectively stored and retained at least 2 feet or more from the edge of the excavation.

2. 29 C.F.R. § 1926.652(c) (1975) provides:
   Sides of trenches in hard or compact soil, including embankments, shall be shored or otherwise supported when the trench is more than 5 feet in depth and 8 feet or more in length. In lieu of shoring, the sides of the trench above the 5-foot level may be sloped to preclude collapse, but shall not be steeper than a 1-foot rise to each ½-foot horizontal. When the outside diameter of a pipe is greater than 6 feet, a bench of 4-foot minimum

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Shaw Construction, Inc., an underground utilities construction company, petitions for review of an order of the Occupational Safety and Health Review Commission dated July 22, 1975, which held that Shaw committed two serious violations of regulations defining safety standards for trenching operations. In May of 1973, Shaw was engaged in lowering a telephone conduit which entailed, among other things, the construction of a trench nine feet deep, five feet wide, and twenty feet long.

The Secretary of Labor cited Shaw for a number of alleged violations of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., in connection with this trench. The citations were contested, and the Commission administrative law judge who heard the case determined that two serious violations had occurred. The first involved Shaw's failure to store excavated materials more than two feet from the edge of the trench, in violation of 29 C.F.R. § 1926.651(i)(1);[1] the second concerned improper shoring or sloping of the trench under 29 C.F.R. § 1926.652(c).[2] Following the issuance of the administrative law judge's decision, Shaw petitioned for discretionary review by the full Commission pursuant to 29 U.S.C. § 661(i).[3] The Commission agreed

shall be provided at the toe of the sloped portion.

3. 29 U.S.C. § 661(i) provides:
   A hearing examiner appointed by the Commission shall hear, and make a determination upon, any proceeding instituted before the Commission and any motion in connection therewith, assigned to such hearing examiner by the Chairman of the Commission, and shall make a report of any such determination which constitutes his final disposition of the proceedings. The report of the hearing examiner shall become the final order of the Commission within thirty days after such report by the hearing examiner, unless within such period any Commission member has directed that such report shall be reviewed by the Commission.

to dispose of the case, but due to the fact that one of its members had resigned and had not been replaced at the time Shaw's petition was considered, only two commissioners participated in the review of the initial decision and order. Acting without a third member, the Commission affirmed the administrative law judge's determinations as to each of the violations. Both commissioners concurred in affirming the first violation; the second was affirmed by a divided, one-to-one vote. A subsequent petition for rehearing after a third member had been appointed to the Commission was denied.

■ With regard to the first violation, Shaw conceded that excavated materials were stored within two feet of the edge of its trench, and argues only that the Commission erred in holding this to be a "serious" violation. Section 17(k) of the Occupational Safety and Health Act, 29 U.S.C. § 666(j), provides:

[A] serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm *could* result from a condition which exists . . . in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.

(Emphasis added.) This provision has been construed as holding violations to be serious if they make possible an accident involving a substantial probability of death or serious

physical harm. *California Stevedore and Ballast Co. v. Occupational Safety and Health Review Commission,* 9 Cir., 1975, 517 F.2d 986, 987–88.[4]

■ The administrative law judge found that Shaw had three-foot-high soil banks and large asphalt chunks adjacent to its trench, and that vibrations caused by nearby traffic and equipment in the trench might cause debris to fall into the trench. If this occurred, there would be a substantial probability that someone working in the trench would suffer serious injuries or death. There was thus substantial evidence to support the Commission's 2–0 determination that a serious violation of section 1926.-651(i)(1) had occurred. We find no abuse of discretion in the Commission's assessment of a $300 penalty against Shaw for this violation. *See REA Express, Inc. v. Brennan,* 2 Cir., 1974, 495 F.2d 822, 827; *Brennan v. Occupational Safety and Health Review Commission,* 8 Cir., 1973, 487 F.2d 438, 442–43; *cf. Nadiak v. CAB,* 5 Cir., 1962, 305 F.2d 588, 593, *cert. denied,* 372 U.S. 913, 83 S.Ct. 729, 9 L.Ed.2d 722 (1963). We therefore affirm the Commission's order with regard to Shaw's first violation.

■ The Commission erred, however, in disposing of the second violation with a one-to-one vote. Under the statutory provisions governing the Commission's discretionary review of determinations made by Commission administrative law judges, no official action can be taken by the Commission without the affirmative vote of at least two of its members.[5] An affirmance sup-

While the statute refers to the hearing officer as a "hearing examiner," the current title pursuant to a Civil Service Commission order is "administrative law judge," *see* K. Davis, Administrative Law and Government 164 (2d ed. 1975), and we follow the respondents in referring to the hearing officer in this manner.

The initial decision of the administrative law judge was entered on January 17, 1974. Shaw's Petition for Discretionary Review was mailed to the Chairman of the Occupational Safety and Health Review Commission on February 6, 1974. Chairman Moran exercised his authority under section 661(i) to direct review on February 19, 1974.

4. In *Accu-Namics, Inc. v. Occupational Safety and Health Review Commission,* 5 Cir., 1975, 515 F.2d 828, 831, we indicated that "[a] viola-

tion is deemded [*sic*] 'serious' under the Act if there is a substantial probability of death or serious injury resulting from it." *Accu-Namics* involved violations of trenching safety regulations which caused the accidental death of four workers. In that case, there was a substantial probability both that the accident itself would occur, and that the resulting injury would be serious if it did. We do not read the above-quoted language, however, as precluding a determination that a violation may also be deemed "serious" under the Act where, although the accident itself is merely possible (*i. e.,* in statutory terms, "could result from a condition"), there is a substantial probability of serious injury if it does occur.

5. The section providing for discretionary review, 29 U.S.C. § 661(i), is quoted in note 3,

ported by only one vote does not comply with this statutory requirement and cannot stand. We accordingly remand the case to the Commission so that it may take appropriate official action in reviewing Shaw's alleged sloping and shoring violation under section 1926.652(c). We intimate no view on the merits of Shaw's petition in this regard.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

*supra.* Once a Commission member directs that an administrative law judge determination be reviewed by the Commission, 29 U.S.C. § 661(e) sets the requirements for taking official action on the matter. Section 661(e) provides:

For the purpose of carrying out its functions under this chapter, two members of the Commission shall constitute a quorum and official action can be taken only on the affirmative vote of at least two members.