**ACE SHEETING AND REPAIR COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION and F. Ray Marshall, Secretary of Labor, Respondents.**

No. 76–1481.

United States Court of Appeals, Fifth Circuit.

July 5, 1977.

Stephen M. Vaughan, Houston, Tex., for petitioner.

Harry W. Scott, Jr., Atty., Benjamin W. Mintz, Associate Sol. of Labor, Michael H. Levin, Atty., Allen H. Feldman, Atty., U.S. Dept. of Labor, Washington, D.C., for respondents.

Before MORGAN and RONEY, Circuit Judges, and KING *, District Judge.

RONEY, Circuit Judge:

This case involves a $30 fine for a violation of the Occupational Health and Safety Act. In 1970 Congress enacted the Occupational Safety and Health Act, 29 U.S.C.A. § 651 *et seq.*, "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C.A. § 651(b). In this proceeding we review enforcement of a citation by the Occupational Safety and Health Review Commission. That citation was based on petitioner's failure to comply with regulations requiring a guard rail or cover for skylight openings in a roof work area. Deciding the employer has the burden of demonstrating that compliance with the regulations is impossible, we find substantial evidence on the record as a whole to support the finding of the Review Commission that compliance was feasible. Its decision enforcing the citation is affirmed.

The facts are undisputed. Petitioner Ace Sheeting and Repair Company is a roof

---

* District Judge of the Southern District of Florida sitting by designation.

repair company. In September 1973 J. C. Ledger, the owner of Ace, and employee Stroud were replacing corrugated metal panels on the roof of a warehouse in Houston. The roof was pitched rather steeply and contained 60 skylight openings arranged in two rows running the length of the building. The skylights were covered with a translucent plastic material called coralux. There was no guard rail or cover around or over any of these skylights. While walking to another section of the roof to obtain additional materials Stroud stepped in the middle of one of the coralux sheets. The sheet gave way beneath his 175-pound weight, and Stroud fell 25 feet to his death.

A few days after this fatality the Secretary of Labor, pursuant to 29 U.S.C.A. § 657(a), inspected the job site. On the basis of this inspection, Ace was served with a citation for violation of 29 C.F.R. § 1926.500(b)(4). That section provides:

Wherever there is danger of falling through a skylight opening, it shall be guarded by a fixed standard railing on all exposed sides or a cover capable of sustaining the weight of a 200-pound person.

This regulation was promulgated by the Secretary under the Act. Title 29 U.S.C.A. § 654(a)(2) imposes on all employers covered by the Act the duty to comply with such regulations. The proposed penalty in the citation served on Ace was a $30 fine.

Ace challenged the citation, and a hearing was held before an administrative law judge. See 29 U.S.C.A. § 659(c). Only the Secretary offered evidence at the hearing. The sole evidence concerning the feasibility of taking the prescribed measures to reduce the risks caused by the unguarded skylights came from an Occupational Safety and Health Administration compliance officer. The administrative law judge vacated the citation on the ground that the Secretary had failed to prove that compliance with the regulation was feasible under the circumstances. The Commission reversed by a two-to-one vote. Ace petitioned this Court for review of that decision. Jurisdiction in this Court is provided under 29 U.S.C.A. § 660(a).

The outcome of this case turns on who has the burden of proof. Must the Secretary prove that compliance with the regulation is feasible, as thought by the administrative law judge; or is feasibility of compliance assumed unless the employer proves otherwise?

Title 29 U.S.C.A. § 654(a) creates two kinds of obligations requiring employers to take steps for the occupational safety and health of their employees:

Each employer—

(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;

(2) shall comply with occupational safety and health standards promulgated under this chapter.

Paragraph (1) has come to be called the "general duty clause," while paragraph (2) is referred to as the "specific duty clause." This case involves a safety standard promulgated under the specific duty clause. The Act itself gives no guidance as to who must bear the burden of proving the feasibility of eliminating a particular hazard under either clause.

Ace relies on *National Realty & Construction Co., Inc. v. OSHRC*, 160 U.S.App.D.C. 133, 489 F.2d 1257 (1973), to show that this burden is properly placed on the Secretary. But *National Realty* dealt with the general duty clause. No regulation or standard guided the employer as to the way to eliminate the hazard there involved. The D.C. Circuit for that reason placed the burden on the Secretary of demonstrating in what manner the Company's conduct fell short of the statutory mandate. The court reasoned that "the Secretary must be constrained to specify the particular steps a cited employer should have taken to avoid citation, and to demonstrate the feasibility and likely utility of those measures." 489 F.2d at 1268.

Two circuits have extended the *National Realty* principle to "specific duty clause"

situations. In *General Electric Co. v. OSHRC*, 540 F.2d 67 (2d Cir. 1976), a standard promulgated by the Secretary required employees to wear protective eye equipment. The Commission had upheld a citation because of the company's failure to take sufficient steps to have the employees use the safety glasses that were provided. The Second Circuit set aside the Commission's order, however, because the Secretary had not proved enough, stating:

> The violation cannot stand upon unsupported generalizations that an employer's efforts to secure employee use of equipment have not gone "far enough" and that such non-use is "preventable" without evidence of what more the employer could have done and some basis to conclude that further efforts would have been feasible and successful, or at least substantially increased the likelihood of employee use. This record is silent on these subjects.

540 F.2d at 70. In *Brennan v. OSHRC and Alsea Lumber Co.*, 511 F.2d 1139 (9th Cir. 1975), another specific duty case, the regulation also concerned employee conduct, *i.e.*, the method of operating machinery and the wearing of protective equipment. The Ninth Circuit applied *National Realty* in upholding the Commission's requirement that the Secretary assume the burden of proving the employer's knowledge that his employees were failing to comply with the safety standards. See also *ITO Corp. of New England v. OSHRC*, 540 F.2d 543 (1st Cir. 1976), and *Atlantic & Gulf Stevedores v. OSHRC*, 534 F.2d 541 (3d Cir. 1976), where each court assumed without discussion that the employer bears the burden of proving that compliance with a regulation is infeasible.

In both *General Electric* and *Alsea Lumber*, however, there was no specific direction as to what the employer should do. The regulations involved did nothing more than create, in effect, a general duty of the employer to meet a safety standard, without stating what specific employer conduct was required for compliance.

■ Here, the regulation stated specific ways for the employer to eliminate the hazard. If the employer put up guard rails or covered the skylights, the safety standard would have been met. If for any reason guard rails or covers are not feasible, the employer knows this better than anyone else, and it is reasonable to require him to come forward with the evidence to prove it.

Regulations are promulgated only after industry-wide comment during which time general feasibility considerations can be voiced. If a regulation contains a proposed method of abating a safety hazard which employers consider to be infeasible in the ordinary case, they can directly challenge the regulation as factually unsupported. 29 U.S.C.A. § 655(f). Furthermore a particular employer who finds that he cannot comply with the safety measures required by the regulations can request a variance under 29 U.S.C.A. § 655(b)(6). When the citation stage is reached, it is eminently reasonable for courts to cast upon the employer the burden of proving impossibility of compliance.

The standard prescribed the precise conduct required of the employer. It may be easily complied with in many shops. Others may have difficulty, but where compliance with either of two specific alternatives, a guard rail or a cover, would eliminate the hazard with which the deceased employee in this case was confronted, the employer should prove why he cannot meet either of those alternatives. We therefore hold that where a specific duty standard contains the method by which the work hazard is to be abated, the burden of proof is on the employer to demonstrate that the remedy contained in the regulation is infeasible under the particular circumstances.

■ To state this rule is to decide the present case. The factual decisions of the Commission are to be sustained if supported by substantial evidence on the record as a whole. 29 U.S.C.A. § 660(a). Ace argues that even if it did have the burden of showing infeasibility, that burden was carried by the testimony of the Secretary's witnesses. Ace itself presented no evidence as to why it could not use skylight covers on

**442**

this particular roof. Although the Secretary's witnesses did express some concern that skylight covers might slide off the pitched roof, the possibility of using "some type of abrasive surface on the bottom of a covering to . . . prevent the covering from sliding off the roof" was also discussed. In any event, on the state of the record, it was not the Secretary's job to describe precisely how covers or guard rails could be placed on Ace's premises. There is therefore sufficient evidence in the record to support the Commission's finding that "[i]mpossibility has not been established in this case." That being so, the citation for violation of 29 C.F.R. § 1926.500(b)(4) was proper, and the Commission's decision enforcing the $30 penalty is

AFFIRMED.