**COX BROTHERS, INC., Petitioner,**

**v.**

**SECRETARY OF LABOR, Respondent.**

**No. 75–2849.**

United States Court of Appeals,
Ninth Circuit.

April 7, 1978.

David Wayne Rees (argued), of Rees, Mercaldo & Smith, Tucson, Ariz., for petitioner.

John M. Bryson, II (argued), Washington, D. C., for respondent.

Before WALLACE and HUG, Circuit Judges, and HILL,* District Judge.

WALLACE, Circuit Judge:

This case is brought before us on an employer's petition to review an order of the Occupational Safety and Health Review Commission (Commission). We have determined that we are without jurisdiction to rule on the merits of the Commission's order. We therefore dismiss the petition.

I

Cox Brothers, Inc. is a brick and masonry subcontractor in Tucson, Arizona. In February 1973, one of Cox's employees was killed during the course of his duties on a construction site. In response to the workman's death, the Secretary of Labor inspected the job site. *See* OSHA Regulations, 29 C.F.R. § 1904.8 (1976). As a result of the inspection, Cox was cited for three violations of the Occupational Safety and Health Act (Act), 29 U.S.C. § 651, *et seq.* Cox was also given notification of a pro-

posed penalty of $1,100 and ordered to abate the violative conditions. Cox timely contested the citations and proposed penalties. 29 U.S.C. § 659(a).

In July 1973, an administrative hearing was conducted before a hearing examiner. As a result, the hearing officer sustained each of the citations and penalties. In November 1973, a member of the Commission directed discretionary review of the hearing officer's decision. 29 U.S.C. § 661(i). In June 1975, two members of the Commission issued a decision in which they declared that they were equally divided on the hearing officer's disposition of all three charges. The two commissioners therefore asserted that the hearing officer's decision was "affirmed by an equally divided Commission." Cox thereafter sought review in this court pursuant to 29 U.S.C. § 660.

II

Our initial concern in this, as in all cases, is whether or not we have jurisdiction to dispose of the matter on its merits. *See Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934). We conclude that we do not.

Our statutory jurisdictional basis for reviewing the Commission's proceedings is section 660(a) which provides that we shall have jurisdiction to review "an order of the Commission" issued pursuant to a section 659(c) enforcement hearing. *See also* S.Rep.No. 91–1282, 91st Cong., 2d Sess., *reprinted in* [1970] U.S.Code Cong. & Admin. News, pp. 5177, 5191–92. The dispositive question, therefore, is what constitutes "an order of the Commission."

The Act provides that "[t]he report of the hearing examiner shall become the final order of the Commission within thirty days after such report . . . unless within such period any Commission member has directed that such report shall be reviewed by the Commission." 29 U.S.C. § 661(i). Thus, in this case, if a Commission member had not granted discretionary review, the

---

* Honorable Irving Hill, United States District Judge, Central District of California, sitting by designation.

hearing officer's decision would have become the Commission's final order. Since the Commission did elect to grant review, however, our jurisdiction is determined by whether the Commission's action was "an order" within the meaning of the Act.

 Section 661(e) prescribes the method by which the Commission may take official action. This section provides that "two members of the Commission shall constitute a quorum and official action can be taken only on the affirmative vote of at least two members." *Id.* We believe that an affirmance of a hearing officer's decision is an "official action" of the Commission, and as such, requires an affirmative vote of two of its members. The purported "affirmance" by an equally divided Commission was simply no official action at all because it was supported by the affirmative vote of only one member. Thus, we do not have a reviewable order, and we are therefore without jurisdiction.

We have encountered one other decision touching this precise issue. In that case, the Fifth Circuit arrived at the same conclusion we reach today. *See Shaw Construction, Inc. v. Occupational Safety and Health Review Comm'n,* 534 F.2d 1183, 1185–86 (5th Cir. 1976).

Although we are bound by the plain direction of the statute, we are also persuaded that our decision reflects the wisest course. The Commission, like other administrative bodies, is congressionally charged with, and therefore presumed to have greater expertise in, the administration of its substantive province. *Dunlop v. Rockwell Int'l,* 540 F.2d 1283, 1289–90 (6th Cir. 1976). Accordingly, it would not be prudent to review those cases which the Commission itself has elected to review until it has properly done so.

PETITION DISMISSED.