**IRWIN STEEL ERECTORS, INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION et al., Respondent.**

No. 77–2647
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 30, 1978.

Jerry M. Kolander Jr., Lubbock, Tex., for petitioner.

Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., Allen H. Feldman,

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Acting Counsel, U. S. Dept. of Labor, Ray H. Darling, Jr., Eric W. Cloud, Atty. U. S. Dept. of Labor, Washington, D. C., for respondent.

Before THORNBERRY, GODBOLD, and RUBIN, Circuit Judges.

PER CURIAM:

The Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq.*, created the Occupational Safety and Health Review Commission (OSHRC), and authorized it to adopt standards, 29 U.S.C. § 655, make investigations, 29 U.S.C. § 657, and issue citations for violations, 29 U.S.C. § 659. It provides a procedure for enforcement of OSHRC orders, 29 U.S.C. § 659. Persons adversely affected or aggrieved by an order of the OSHRC may obtain judicial review, 29 U.S.C. § 660. In such review,

> The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive.

*See also Ace Sheeting and Repair Company v. OSHRC*, 5 Cir. 1977, 555 F.2d 439; *Shaw Construction, Inc. v. OSHRC*, 5 Cir. 1976, 534 F.2d 1183; *Horne Plumbing and Heating Co. v. OSHRC*, 5 Cir. 1974, 528 F.2d 564; *Ryder Truck Lines, Inc. v. Brennan*, 5 Cir. 1974, 497 F.2d 230.

The employer who here seeks review was engaged in steel erection work. On the job in question, its welders were working on steel beams or joists in a single story build-ing about 23 feet above the ground. They were required to move along the beams in straddle position to do the necessary welding. The OSHRC ordered safety belts, lifelines, and lanyards to be used.[1] The employer contended that compliance with the standard would expose its welders to a greater safety hazard than non-compliance and, therefore, urged that the citation issued to it should be set aside and the proposed penalty of $600 be vacated.

While the evidence adduced before the administrative law judge was conflicting, there was substantial evidence to support the conclusion that the welders were subjected to the danger of falling, a serious violation of 29 CFR 1926.28(a), and that the use of the safety equipment ordered would not create a safety hazard.[2] The employer asserts that the preponderance of the evidence showed the requirement to be unwarranted and to create other hazards. We are prohibited by the statute and the authorities cited from reweighing the evidence. Accordingly, these findings must be affirmed.

The employer contends that the OSHRC increased the burden required for establishing the affirmative defense of "greater hazard" by requiring proof of (1) unavailability of alternative means of protecting employees, and (2) inappropriateness of a variance application, and cites *Secretary v. Industrial Steel Erectors, Inc.*, 1974, 6 OSAHRC 154, 1 BNA OSHC 1497, and *Secretary v. American Bridge, Division of U. S. Steel Corporation*, 1974, 2 BNA OSHC 1222, for the proposition that the only requirement of proof of the greater

---

1. The citation alleged a violation of 29 CFR 1926.28(a), which states:

   Personal Protective Equipment.

   (a) The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce hazards to the employees.

2. Under the Act, a serious violation

   shall be deemed to exist in a place of employment if there is a substantial probability that

death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation. 29 U.S.C. § 666(j). Under Section 666(c) a "nonserious" citation involves a determination that the violation in question was "specifically determined not to be of a serious nature."

hazards defense is that the safety or health of employees would be endangered rather than protected by compliance. *Industrial Steel Erectors, supra,* and *American Bridge, supra,* involved fact situations, however, where employers used safety devices in compliance with statutory requirements except at specific points in their work. In both of these cases, a preponderance of the evidence showed that the employees were safer in not complying with the standard than if they had. In fact, the basis of the opinions was only that an employer would be permitted to assert an affirmative defense when the safety of employees would be endangered rather than protected by compliance with a standard.

Later, however, in *Secretary v. Russ Kaller, Inc., T/A Surfa Shield,* 76 OSAHRC 130/F10, 4 BNA OSHC 1758, 1976–1977 CCH OSHD para. 21,152 (No. 11171, 1976), the OSHRC spelled out specific requirements for the greater hazards defense:

> The scope of the defense recognized in those cases is, however, narrow. It is not enough that compliance with literal terms of the standards would create new hazards . . . The record must show that the hazards of compliance are greater than the hazards of noncompliance . . .; that alternative means of protecting employees are unavailable . ., and that a variance application under section 6(d) of the Act would be inappropriate. 4 BNA OSHC 1759.

These are the standards that the Commission applied. It did not change the rules to the petitioner's prejudice in mid-course.

■ Moreover, we need not decide here, in any event, the propriety of applying the *Russ Kaller, supra,* standards, for the employer did not establish by a preponderance of the evidence the defense under the criteria it considers applicable. *See United States Steel Corporation v. OSHRC,* 3 Cir. 1976, 537 F.2d 780. The question for us is not whether the preponderance of the evidence test has been satisfied. That test is for the OSHRC, just as the preponderance of the evidence test in a civil jury case is for the jury. Once the OSHRC concludes

that the evidence demonstrates a proposition by a preponderance, the only review available is whether there is substantial evidence on the record as a whole to support its conclusion.

The first criterion for a successful defense, admittedly valid, is for the employer to show that the hazards of compliance are greater than the hazards of noncompliance. There was substantial evidence to support the Commission's conclusion that the employer failed to show that the welders were in need of mobility and that the danger of dangling from a safety belt was greater than the danger of falling.

For these reasons, the petition for review is DENIED.