**WILLAMETTE IRON AND STEEL COMPANY, Petitioner,**

v.

**SECRETARY OF LABOR and Occupational Safety and Health Commission, Respondent.**

No. 78–1494.

United States Court of Appeals, Ninth Circuit.

Aug. 14, 1979.

Rehearing Denied Sept. 26, 1979.

James C. Ingwersen, South San Francisco, Cal., for petitioner.

Nancy L. Southard, Atty. U. S. Dept. of Labor, Washington, D. C., for respondent.

Before WALLACE and SNEED, Circuit Judges, and BLUMENFELD,* District Judge.

WALLACE, Circuit Judge:

Willamette Iron and Steel Co. (Willamette) petitions for review of an order of the Occupational Safety and Health Review Commission (Commission). Willamette attacks only the portion of the Commission order affirming the hearing officer's determination that it had committed "repeated" violations of the Occupational Safety and Health Administration regulations. We have determined that as to that issue we are without jurisdiction. Therefore, we dismiss the petition.[1]

I

The parties stipulated to the facts. Willamette was first cited for violating the Occupational Safety and Health Administration's (OSHA) housekeeping standard, 29 C.F.R. § 1915.51(a), on December 8, 1972, while repairing the vessel NAECO at the

---

* Honorable M. Joseph Blumenfeld, United States District Judge, District of Connecticut, sitting by designation.

1. Neither the Secretary of Labor nor Willamette quarrels with the Commission's ruling that Willamette had committed a non-serious violation, or with the Commission's assessment of a $200 penalty for this violation. Since these rulings are not attacked, we refrain from expressing any view on either our jurisdiction to review them or their merits.

company's Swan Island dry dock facility in Portland, Oregon. The citation, which became final when Willamette failed to contest it, 29 U.S.C. § 659(a), alleged that Willamette had failed to elevate or cover various hoses and welding leads on the vessel's weatherdeck.

On September 24, 1975, authorized representatives of the Secretary of Labor issued three further citations against Willamette for alleged violations of various OSHA regulations. The company did not contest one of these citations, and the Secretary of Labor later withdrew another by stipulation. Thus, the controversy here centers on the Secretary's third citation which was for a "repeated non-serious" violation of the housekeeping standard. This citation alleged that on September 16, 1975, a routine inspection of the vessel NEW YORKER at the Swan Island facility had revealed that the vessel's maindeck walkways and working areas were cluttered with air hoses, electrical cords, welding leads, and debris. Pursuant to stipulation, Willamette did not contest the existence of the conditions leading to the September 24 citation, but only the characterization of the violation as "repeated."

Willamette gave appropriate notice of intent to contest the citation and the Secretary of Labor filed a complaint with the Commission. After a hearing, a hearing officer concluded that the citation had been properly characterized as "repeated."

Willamette then brought a petition for discretionary review before the Commission. It raised numerous contentions in support of its argument that its violation was not repeated. The two Commission members who reviewed the case divided on this question. One felt that the violation was properly labeled "repeated"; the other disagreed. The Fifth Circuit had already decided, in *Shaw Constr., Inc. v. OSHRC*, 534 F.2d 1183, 1185–86 (5th Cir. 1976), that a purported affirmance of a hearing officer's decision by a divided, one-to-one vote was not final, "official" Commission action. In an effort to resolve the impasse, and

perhaps with *Shaw* in mind, the two commissioners agreed to "affirm" the hearing officer's decision in this case regarding classification of the violation as "repeated," but to accord this portion of his ruling only the precedential value of an unreviewed hearing officer's decision. The mandate of the Commission decision was simply that the hearing officer's ruling was "affirmed."

Before us, Willamette once again argues that the hearing officer mistakenly characterized the violation as "repeated." Because we decide that we do not have jurisdiction over this issue, we do not reach the merits of this contention.

## II

In *Cox Bros., Inc. v. Secretary of Labor*, 574 F.2d 465 (9th Cir. 1978), we agreed with *Shaw, supra*, and held that a purported affirmance of an administrative hearing officer's decision by an equally divided Commission was not official action of the Commission, reviewable by this court, because it was supported by the affirmative vote of only one member. *Id.* at 467. We reasoned that 29 U.S.C. § 661(e) required an affirmative vote of two Commission members before an affirmance of a hearing officer's decision could be considered reviewable official action. *Id.*

The parties argue, however, that the case before us is distinguishable from *Cox Brothers* because *both* commissioners who reviewed the hearing officer's decision agreed to affirm. At first blush this appears to be true. Yet, by according the hearing officer's ruling the precedential value of an unreviewed decision, the Commission has given its action the same practical effect as the Commission's unreviewable action in *Cox Brothers*. The Commission cannot have it both ways. Either it affirms the hearing officer's decision and the Commission's ruling has the precedential value of a *Commission ruling*, or the Commission has not officially affirmed the hearing officer's decision. In both *Cox Brothers* and

this case, the hearing officer's decision is left as the only authoritative disposition.[2]

 Since we are concerned with our jurisdiction, we must look to the practical effect of the two commissioners' actions. The label placed upon the determination made by the two commissioners is not alone determinative, "for it is the substance of what the Commission has purported to do and has done which is decisive," *Columbia Broadcasting Sys., Inc. v. United States*, 316 U.S. 407, 416, 62 S.Ct. 1194, 1200, 86 L.Ed. 1563 (1942). Because the two commissioners agreed to accord the purportedly "affirmed" decision of the hearing officer only the precedential value of an unreviewed decision, the "dissenting" commissioner did not truly vote to affirm. As the Commission made clear in *Leone Constr. Co.*, 76 OSAHRC 12/E6, 1975–76 OSHD (CCH) ¶ 20,387 (No. 4090, 1976), a hearing officer decision which lacks full Commission review does not constitute precedent binding upon the Commission. An unreviewed decision also does not "necessarily [express] the views of the Commissioners, or [declare] Commission policy." 1975–76 OSHD (CCH) ¶ 20,387, at 24,322. Yet a true affirmance by the Commission of a hearing officer decision would, of course, act as binding prece-

dent and would be declarative of Commission policy. If *Cox Brothers* means anything, our response to the commissioners' actions in this case must be the same as our response there.[3] We therefore dismiss the petition.

PETITION DISMISSED.

**2.** The two commissioners cited the case of *Life Science Prods. Co.*, 77 OSAHRC 200/A2, 1977–78 OSHD (CCH) ¶ 22,313 (No. 14910, 1977), aff'd sub nom. *Moore v. OSHRC*, 591 F.2d 991 (4th Cir. 1979), as an explanatory authority for the action they took in this case. There, the same two commissioners responsible for the ruling in this case had split on the correctness of the hearing officer's decision and attempted there, too, to avoid an impasse by "affirming" but according the hearing officer's decision the prededential value of an unreviewed decision. 1977–78 OSHD (CCH) ¶ 22,313, at 26,871–72 (footnote omitted). The commissioners explained that since they both had cast votes to affirm the hearing officer's decision, they did not have to decide whether to follow *Shaw Construction, Inc. v. OSHRC*, 534 F.2d 1183 (5th Cir. 1976). *Id.* at 26,870 n.3. They cited cases where courts have approved the conduct of administrative commissioners in voting against their personal views to avoid an impasse. *See, e. g., Public Serv. Comm'n v. FPC*, 177 U.S.App.D.C. 272, 292, 543 F.2d 757, 777 (1974), *cert. denied*, 424 U.S. 910, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). When the attempt to avoid an impasse has exactly the same practi-

cal effect as un unreviewable split vote, we do not believe those cases are helpful.

**3.** Willamette suggests that in this case there was an "adjudication" by the Commission, while there was none in *Cox Brothers*. The key issue which the parties placed before the Commission in this case was whether the violation was repeated. There was no true agreement or adjudication *by the Commission* on that question in this case any more than there was in *Cox Brothers*. That the commissioners did agree that a violation had occurred and also were able to agree on the penalty to be assessed does not change that fact. Indeed, while purporting to affirm the finding that the violation was repeated, the commissioners stated that, "[s]ince the Commission members are divided on how the violation should be classified, the stipulations of the parties [regarding assessment of a penalty] cannot be honored." The commissioners then assessed a penalty of $200, the amount to which the parties had stipulated in the event that the violation was adjudged to be *non*-repeated.