**AUSTIN COMMERCIAL, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and F. Ray Marshall, Secretary of Labor, Respondents.**

No. 79–1344.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1979.

Clark, West, Keller, Sanders & Butler, Steven R. McCown, Phillip R. Jones, Dallas, Tex., for petitioner.

Carin A. Clauss, Sol. of Labor, U. S. Dept. of Labor, Ronald R. Glancz, U. S. Dept. of Justice, Civil Div., Appellate Staff, Al J. Daniel, Jr., Ray H. Darling, Jr., Executive Secretary, OSHRC, Domenique Kirchner, Allen H. Feldman, Benjamin W. Mintz, Nancy L. Southard, U. S. Dept. of Labor, Washington, D. C., James E. White, Reg. Sol., Dallas, Tex., for respondents.

Petition for Review of Order of the Occupational Safety and Health Review Commission.

Before BROWN, TJOFLAT and GARZA, Circuit Judges.

PER CURIAM:

Appellant Austin Commercial (Austin) was the prime contractor on a building under construction in Dallas, Texas. On January 9, 1978, Austin's employees were raising a beam bottom form from the seventh floor to the eighth floor.[1] The form was raised by two ratchet jacks suspended from saw horses on the level of the eighth floor. One jack was attached to its saw horse by a piece of chain, and the other was attached by a piece of No. 9 wire, looped around the saw horse and fastened on top. On that day, the No. 9 wire broke, causing one side of the form to fall and strike an employee in the head.

Austin was issued a citation by the Occupational Safety and Health Administration, charging one serious violation of the Occupational Safety and Health Act, 29 U.S.C. §§ 651 et seq., and 29 C.F.R. 1926.251(a)(1), in that Austin had allegedly failed to inspect and remove defective rigging equipment for material handling prior to use.[2] Austin filed a notice of contest, and the Secretary of Labor filed a complaint. This matter was heard by an Administrative Law Judge who found a serious violation of the named regulation, and assessed Austin a $500 fine. His decision became final when the Occupational Safety and Health Review Commission failed to act on Austin's subsequent petition for review. Austin petitions this court for review under 29 U.S.C. § 660(a).

Austin contends that the regulation is unconstitutionally vague as applied, and that there was no substantial evidence to support a finding either of a violation, or of a "serious" violation. The vagueness argument is based on Austin's assertion that the regulation does not define (1) what type of inspection is required or (2) what is "defective rigging equipment." It is argued that since the violation was based on use of the wire as a rigging device, and no guidelines were provided for the use or non-use of certain materials, the commission has in effect held that No. 9 wire is defective *ipso facto* when used in connection with the device in question.

In *B & B Insulation, Inc. v. OSHRC*, 583 F.2d 1364 (5 Cir. 1978), it was held that under this "remedial civil legislation" a vagueness charge must be considered in the light of the regulation's application, and that due process requires standards containing "sufficiently definite warnings as to the proscribed conduct when measured by common understanding or practices." 583 F.2d at 1368. An Occupational Safety and Health standard must give an employer fair warning of the conduct it prohibits, and it must provide a reasonably clear standard of culpability, to limit the discretion available to the enforcing officers. *Diamond Roofing Company v. OSHRC*, 528 F.2d 645, 649 (5 Cir. 1976). The standard must be construed to give effect to the natural and plain meaning of its words. *Id.* We do not understand the OSHRC to contend that No. 9 wire is *per se* defective when used in any fashion as rigging equipment. The citation charged, and the commission found that the wire was defective in its particular use under the facts of this case. Giving the words "inspection," "defective," and "rigging" their natural and plain meaning, we find that this employer was given fair warning of proscribed conduct. It is not necessary that such a regulation spell out specific prohibited uses of specifically named materials.

In reviewing Austin's contentions of insufficient evidence to support a finding of serious violation, we must accept findings of fact by the commission as conclusive if they are supported by substantial evidence on the record considered as a whole. 29 U.S.C. § 660(a); *Irwin Steel Erectors v. OSHRC*, 574 F.2d 222 (5 Cir. 1978). Again giving effect to the plain meaning of the

1. The form was 32 feet long, 4 feet wide, and weighed about 500 pounds.

2. 29 C.F.R. 1926.251(a)(1) reads: "rigging equipment shall be inspected prior to use on each shift and as necessary during its use to insure that it is safe. Defective rigging equipment shall be removed from service."

words of this regulation, there is substantial evidence to support a conclusion that the No. 9 wire was "rigging equipment" in its use and that it was defective in that it was subjected to inordinate stress under the circumstances. We note that this court has held that it does not matter whether equipment is defective by design or through use, as in either case it is dangerous and should be removed from service. *Georgia Electric Co. v. Marshall*, 595 F.2d 309 (5 Cir. 1979).

The record also discloses that Austin had ample opportunity to discover this condition and correct it, but failed to inspect the equipment at the beginning of each shift and replace it where defective as required by the regulation. The mere fact that Austin employees occasionally looked at the equipment is insufficient. An inspection requires a careful and critical examination, and is not satisfied by a mere opportunity to view equipment. *Dawson Company Manufacturers v. Cleveland Costume Co.*, 3 OSHC 1534 (BNA) (1975).

There is ample evidence in the record to support the finding of a "serious" violation, within 29 U.S.C. § 666(j).[3] It was reasonably found that an obvious hazard existed within the language of the statute, and it must be noted that a serious injury did in fact result to an employee.

PETITION DENIED.

---

**3.** That section reads: "For purposes of this section a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."