IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-60417

———————————

CAPFORM, INC.,

Petitioner,

v.

ELAINE CHAO, SECRETARY OF LABOR,

Respondent.

---------------------------------
On Petition for Review of an Order of the
Occupational Safety and Health Review Commission
---------------------------------
March 20, 2002

Before HIGGINBOTHAM, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Petitioner Capform, Inc. ("Capform") challenges a citation and penalty assessed by

Respondent Secretary of Labor Elaine Chao (the "Secretary") for inadequately training its employees

in proper safety procedures during a construction job in violation of the Occupational Safety and

Health Act ("OSHA"). For the reasons that follow, we deny Capform's petition for review.

I.

The citation at issue in this case was assessed after an investigation into a fatal accident

concerning a Capform employee. The accident occurred on a project involving the construction of

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

multiple concrete floors, to be accomplished in a floor-to-floor upward process by pouring concrete into molds created by sheets of plywood and wood beams. After the concrete dries, these supports and the metal scaffolds (the "shoring") are removed in a process called stripping. To accomplish this task, laborers place support posts ("jacks") in pairs under the shoring. When these posts are removed, the shoring falls, thereby creating a hazard for the workers. For safety, the workers use a 12-foot pole called a "nena", which they *pull* in opposite directions so that the shoring falls *away* from the workers and lands in the area between them. It is very important that the worker does not *push* the nena, as that motion would cause the shoring to fall *toward* him. If something prevents him from pulling the nena, he is to use an alternate method, such as tying a rope around the base of the jack.

On August 11, 1998 Jose and Refugio Trejo, who had been working as carpenters earlier that day, were sent to help Nicholas Salas, the stripping foreman. As Salas had not worked with the Trejo brothers, he spent 15-20 minutes instructing them on the proper striping procedure, including how to pull away the nenas. In addition to this job-specific instruction, Capform trains its employees to consult a foreman when faced with an unfamiliar situation.[1] Shortly after Salas left the Trejo brothers, Refugio Trejo encountered a situation that was not explicitly covered in his training, as one of the jacks was too close to an elevator shaft to pull it away with the nena. Rather than consulting the foreman, Refugio pushed on the jack, which fell toward him and fatally struck him in the head. Following the accident and an OSHA investigation, Capform was issued a serious citation for

---

[1]There is conflicting evidence regarding whether Salas told the Trejo brothers not to push at the base of the supporting post.

violating 29 C.F.R. § 1926.21(b)(2).[2] The Administrative Law Judge ("ALJ") affirmed the violation and assessed a penalty of $6,300.00. The Occupational Safety and Health Review Commission (the "Commission") affirmed the ALJ's decision.

II.

Capform faces a heavy burden in its challenge to the citation and penalty. We must defer to the Commission's "findings on questions of fact and reasonable inferences drawn from them if they are supported by substantial evidence on the record considered as a whole even if this court could justifiably reach a different result *de novo*. The OSHRC's legal conclusions are reviewed as to whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Trinity Marine Nashville, Inc. v. OSHRC*, 275 F.3d 423, 426-27 (5th Cir. 2001) (internal citations and quotations omitted).

Applying this deferential standard to the facts before us, we cannot say that the Commission's decision was not supported by substantial evidence. It is undisputed that Salas failed to instruct Refugio Trejo in the proper procedure for stripping when an obstruction prevented the nena from being pulled. Capform argues that such an instruction is unnecessary because its employees knew to contact a foreman when they encountered an unfamiliar situation. Moreover, it contends that instructions are required only for known hazards, and that Salas was unaware of the obstruction caused by the elevator shaft. Even so, however, Capform has failed to carry its heavy burden. The record demonstrates that even though a specific alternate procedure existed for situations in which

---

[2] Section 1926.21(b)(2) provides:
> The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury.

3

it was impossible to pull the nena, Salas did not discuss that procedure with Refugio Trejo. The existence of this alternate method further undermines Capform's argument that the hazard facing Refugio Trejo was unknown. We therefore conclude that this evidence is sufficient to support the Commission's decision.

Capform further contends that the penalty assessed for the violation is excessive. Again, our review is deferential, as we apply an abuse of discretion standard. *See Union Tank Car Co. v. OSHA*, 192 F.3d 701, 705 (7th Cir. 1999); *Shaw Constr., Inc. v. OSHRC*, 534 F.2d 1183, 1185 (5th Cir. 1976). When assessing penalties for OSHA violations, the Commission gives "due consideration to the appropriateness of the penalty with respect to the size of the business of the employer being charged, the gravity of the violation, the good faith of the employer, and the history of previous violations." 29 U.S.C. § 666(j). Capform received a penalty of $6,300, just shy of the $7,000 maximum under the statute. It argues that the Commission overlooked its good faith and its history of compliance with OSHA regulations. Furthermore, it contends that the Commission misjudged the gravity of the violation, which involved only two workers and was of minimal duration and low probability. As the Secretary notes, however, Capform is a large employer and its violation directly resulted in the death of an employee. Therefore, even if we would not have assessed a penalty in the same amount, we cannot say that the Commission abused its discretion.

III.

In light of the foregoing reasons, we deny Capform's petition for review.